**KELLY CLARK, OSB #831723**
E-Mail: kellyc@oandc.com
**KRISTIAN ROGGENDORF, OSB # 013990**
E-Mail: ksr@oandc.com
**GILION DUMAS, ISB #8176**
E-Mail: giliond@oandc.com

**O'DONNELL CLARK & CREW LLP**
Fremont Place II, Suite 302
1650 NW Naito Parkway
Portland, OR 97209
Phone: (503) 306-0224
Fax: (503) 306-0257

    Of Attorneys for Plaintiff Tom Doe

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TOM DOE, an individual proceeding under a pseudonym,<br><br>               Plaintiff,<br><br>    v.<br><br>CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a foreign corporation sole registered to do business in the State of Oregon; CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND SUCCESSORS, a foreign corporation sole registered to do business in the State of Oregon; THE BOY SCOUTS OF AMERICA, a congressionally chartered corporation, authorized to do business in Oregon; and ORE–IDA COUNCIL, INC., BOY SCOUTS OF AMERICA, an Idaho non-profit corporation doing business in Oregon,<br><br>               Defendants | Case No.: 2:08-cv-371-SU<br><br>**SECOND AMENDED COMPLAINT**<br><br>(Sexual Abuse of a Child/*Respondeat Superior*; Intentional Infliction of Emotional Distress/*Respondeat Superior*; Fraud—by Omission; Constructive Fraud)<br><br><br>**JURY TRIAL DEMANDED**<br><br>**Not Subject to Mandatory Arbitration** |

Page 1    **SECOND AMENDED COMPLAINT**

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257

Plaintiff alleges:

(Common Allegations)

1.

Plaintiff Tom Doe is an adult male born in the year 1953, who at all times relevant to this Complaint was an unemancipated minor child who attended religious services, received spiritual instruction and direction, participated in camping trips, meetings, and events, and received outdoor-craft, citizenship, service and character building training through Defendants or agents of the Defendants at the "Nampa 2nd Ward" and Boy Scout Troop 101 in the Boise, Idaho area. Between 1965 and 1971, Plaintiff progressed through the Boy Scouts program to the rank of Eagle Scout.

2.

At all times relevant to this Complaint, the Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints was a foreign religious corporation sole of the LDS Church operating in Idaho and Oregon. At all times relevant to this Complaint, the Corporation of the President of the Church of Jesus Christ of Latter-day Saints and Successors, was a foreign religious corporation sole of the Church of Jesus Christ of Latter Day Saints operating in Idaho and Oregon. The Corporation of the Presiding Bishop and the Corporation of the President and will be referred to collectively hereinafter as "LDS Church." As part of the LDS Church's religious mission, it authorized and selected individuals (hereinafter referred to as "LDS leaders") to administer the programs and facilities of the congregation known as the Nampa 2nd Ward. In their capacity as agents for LDS Defendants, LDS leaders selected and approved individual LDS members to educate and minister to specific LDS families and their children, including Plaintiff and his family. LDS Defendants also required the formation of a Boy Scout Troop as part of the formation of the Nampa 2nd Ward, and LDS leaders in the Nampa 2nd Ward, acting in the capacity of dual agents for LDS Defendants and for Boy Scout Defendants

Page 2    SECOND AMENDED COMPLAINT

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257

(described below), formed Troop 101, of which Plaintiff was a member. LDS leaders selected, approved, or ratified the selection of Scoutmaster for Troop 101. LDS leaders also formally designated the Scoutmaster of the Troop as the "Quorum Advisor" of the three boys' quorums within the church—that is, the Deacons Quorum (ages 12-13), Teachers Quorum (ages 14-15), and Priests Quorum (ages 16-17).

3.

At all times relevant to this Complaint, The Defendant Boy Scouts of America ("BSA") was a congressionally chartered corporation operating in part in Oregon and Idaho. At all times relevant to this Complaint, Defendant Ore-Ida Council, Boy Scouts of America ("OIC") was an Idaho non-profit corporation operating in Oregon and Idaho. Defendant BSA and Defendant OIC will be referred to hereinafter collectively as "Boy Scout Defendants." At all times relevant to this Complaint, Boy Scout Defendants operated various outdoor-craft, citizenship, service and character building training programs—collectively, the "Scouting program"—for boys, including Plaintiff in this case, through the Nampa 2nd Ward. At all times relevant this Complaint, Boy Scout and LDS Defendants jointly agreed to operate Boy Scout Troop 101, and Boy Scout Defendants also possessed the right of final approval of LDS adults as Scout leaders. In the course of operating Troop 101, Boy Scout Defendants further had the right to control the physical details of Scout leaders' performance of their duties on behalf of Boy Scout Defendants. In performing these duties, individual Scout leaders were acting in the time and space limits of their agency with Boy Scout Defendants, were motivated at least in part by a desire to serve Boy Scout Defendants, and these actions were of a type that they were required to do as on behalf of the LDS Defendants and Boy Scout Defendants.

4.

At all times relevant to this Complaint, Larren Arnold (hereinafter "Arnold") was a LDS religious boys' Quorum Advisor and Scout leader selected by LDS Defendants to minister to and

Page 3     **SECOND AMENDED COMPLAINT**

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257

educate LDS families and their children, including Plaintiff in this case. Defendants empowered Arnold to perform all duties of a boys' Quorum Advisor and Scout leader—including educational and tutorial services, counseling, spiritual and moral guidance, religious instruction, and other duties. LDS Defendants and Boy Scout Defendants consented to have Arnold act on their behalf, and Arnold consented to serve the Defendants. At all times relevant to this Complaint, Arnold concurrently served as a boys' Quorum Advisor within the LDS church and a Scout leader with Troop 101. Arnold had been selected or approved of by both LDS Defendants and Boy Scout Defendants to educate and train young boys, including Plaintiff, in the Scouting program as run in the LDS Church. At all times relevant this Complaint, LDS Defendants and Boy Scout Defendants retained the right to control the physical details of Arnold's interactions with Plaintiff and other Scouts in the Nampa 2nd Ward.

5.

As part of the LDS religious program and the Scouting program, LDS Defendants and Boy Scout Defendants authorized Arnold to build relationships of trust and confidence with Scouts, including Plaintiff. While performing his duties for Defendants as a boys' Quorum Advisor and Scout leader serving the Nampa 2nd Ward and Troop 101, Arnold identified Plaintiff's family as one with a young boy, befriended the Plaintiff and his family, and gained the family's trust and confidence as an educational and spiritual guide, and as a valuable and trustworthy mentor to Plaintiff. Arnold further gained the permission, acquiescence, and support of Plaintiff's family to spend substantial periods of time alone with Tom Doe, and requested and received assistance from Plaintiff's parents to instruct Tom Doe to have respect for Arnold's authority and to comply with Arnold's orders and requests.

6.

For the purpose of furthering his duties as a Boys' Quorum Advisor and Scout Leader, Arnold also sought and gained the trust, friendship, admiration and obedience of Plaintiff. As a

Page 4        **SECOND AMENDED COMPLAINT**

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257

result, Plaintiff was conditioned to trust Arnold, to comply with Arnold's direction, and to respect Arnold as a person of authority in spiritual, moral and ethical matters. The above course of conduct described in this paragraph and in paragraph 5, above, is hereinafter collectively referred to as "Grooming."

7.

Alternatively or in conjunction with the Grooming activity described above, LDS Defendants and Boy Scout Defendants also authorized Arnold—as part of Arnold's agency for Defendants in executing the Scouting program—to spend time alone with boys involved in the Scouting program and Troop 101, including Plaintiff, and to take these Boy Scouts on outdoor activities in Oregon, including overnight camping trips away from parents. Plaintiff and Arnold made at least two such trips into Oregon with Troop 101.

8.

Arnold's Grooming of Plaintiff and his taking of Plaintiff on camping trips into Oregon were (1) committed in direct connection and for the purposes of fulfilling Arnold's agency with the LDS and Boy Scout Defendants; (2) committed within the time and space limits of his agency as boys' Quorum Advisor and Scout leader; (3) done initially and at least in part from a desire to serve the interests of LDS and Boy Scout Defendants; (4) done directly in the performance of his duties as boys' Quorum Advisor and Scout leader; (5) consisted generally of actions of a kind and nature that Arnold was required to perform as a boys' Quorum Advisor and Scout leader; and (6) was done at the direction of, and pursuant to, the power vested in him by the LDS and Boy Scout Defendants.

9.

Arnold, while acting within the course and scope of his agency for Defendants, and using the authority and position of trust as a boys' Quorum Advisor and Scout leader—through the Grooming process, and/or as a result of his duties in taking Plaintiff on outdoor

Page 5    **SECOND AMENDED COMPLAINT**

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257

activities—induced and directed Plaintiff Tom Doe to engage in various sexual acts with Arnold.

10.

In the course of his sexual molestation of Plaintiff, Arnold engaged in intentional conduct resulting in one or more of the following: physical injury, mental injury, rape, sexual abuse, and sexual exploitation of Plaintiff as those terms are used in ORS 12.117.  Specifically, Arnold sexually abused and molested Plaintiff on two instances involving fondling and oral sex in the state of Oregon, at some time between approximately 1966 and 1970, all while Arnold was serving the LDS and Boy Scout Defendants and acting as Plaintiff's boys' Quorum Advisor and Scoutmaster in Troop 101.

11.

As a result of Arnold's sexual abuse, as well as Arnold's betrayal of his role as boys' Quorum Advisor, Scout leader, role model, and authority figure, Plaintiff has suffered and continues to suffer severe debilitating physical, mental, and emotional injury, including pain and suffering, and permanent psychological damage, all to his non-economic damages in the amount of $5,000,000.00.

12.

As an additional result of Arnold's sexual abuse, as well as Arnold's betrayal of his role as boys' Quorum Advisor, Scout leader, role model, and authority figure, Plaintiff has incurred and/or will incur in the future, costs for counseling, psychiatric and psychological medical treatment all to his economic damages in the approximate amount of $250,000.00, the exact amount of which will be proven at the time of trial.

13.

In 2007, Plaintiff discovered the causal connection between his abuse set forth in paragraph 9 and 10 above, and the injuries suffered in paragraphs 11 and 12, above.  Prior to 2007, Plaintiff did not discover and could not reasonably have discovered, the causal connection

Page 6        **SECOND AMENDED COMPLAINT**

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257

between the abuse and the damages he suffered as a result of the abuse, because of the consequences of his abuse, such as the following psychological effects, coping mechanisms, or similar mental processes: PTSD, child abuse syndrome, compartmentalization, avoidance, dissociative amnesia, or denial.  Additionally, Defendants should be estopped from asserting a statute of limitations defense because they have concealed their respective and sometimes overlapping institutional child abuse problem for the purpose and with the result of preventing abuse survivors from understanding their own abuse and Defendants' role in it, and thereby delay or prevent victims, including Plaintiff, from filing suit.

## FIRST CLAIM FOR RELIEF
Against All Defendants
(Sexual Abuse of a Child/*Respondeat Superior*)

14.

Plaintiff realleges and incorporates by reference paragraphs 1 through 13, above.

15.

The abuse set forth in paragraph 9 and 10, above, constituted a harmful and offensive touching to which Plaintiff did not—and was not able—to consent.

16.

This harmful and offensive touching caused Plaintiff to suffer the permanent and lasting damages set out in paragraphs 11 and 12, above.

17.

Arnold used the Grooming process to perpetrate his molestation of Plaintiff, and/or Plaintiff's abuse was the result of Arnold's performance of his agency duties on behalf of LDS Defendants and Boy Scout Defendants.

/ / / /

/ / / /

Page 7    **SECOND AMENDED COMPLAINT**

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257

## SECOND CLAIM FOR RELIEF
Against All Defendants
(Intentional Infliction of Emotional Distress/*Respondeat Superior*)

18.

Plaintiff realleges and incorporates by reference paragraphs 1 through 17, above.

19.

Arnold knowingly and intentionally caused severe emotional distress to Plaintiff when he sexually battered and abused Plaintiff as described in paragraphs 9 and 10, above. Plaintiff did in fact suffer severe emotional distress as a result of this sexual contact. The sexual touching of a child by a trusted authority figure is beyond the bounds of all socially tolerable conduct.

20.

This intentional infliction of emotional distress caused Plaintiff to suffer the permanent and lasting damages set out in paragraphs 11 and 12, above

21.

Arnold used the Grooming process to perpetrate his molestation of Plaintiff, and/or Plaintiff's abuse was the result of Arnold's performance of his agency duties on behalf of LDS Defendants and Boy Scout Defendants.


## THIRD CLAIM FOR RELIEF
Against All Defendants
*Institutional Fraud by Omission*

22.

Plaintiff realleges and incorporates by reference paragraphs 1 through 21, above.

23.

At all times relevant to this Complaint, LDS Defendants and Boy Scout Defendants invited and encouraged Plaintiff to participate in the Scouting program that they jointly administered and controlled, promoting their program as being safe and beneficial for boys,

Page 8    SECOND AMENDED COMPLAINT

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257

physically, emotionally, and spiritually. This invitation created a special, fiduciary relationship as described in paragraphs 4 to 7, above, wherein this Plaintiff and his parents relied upon Boy Scout Defendants' expertise and judgment in selecting morally upright men to lead Boy Scout Troops, and handed LDS Defendants and Boy Scout Defendants authority to act *in loco parentis* over Plaintiff on camping trips to Oregon. Boy Scout Defendants for their part also invited Plaintiff to enter into a commercial relationship, that is, to join Scouting in exchange for paying yearly dues and other assorted fees and required purchases.

24.

Not later than 1965, LDS Defendants and Boy Scout Defendants knew that the Scouting program itself posed a danger to adolescent boys because the Scouting program had shown a concrete, longstanding, consistent, and widespread problem with sexual abuse by Scout leaders and adult volunteers. Defendants discovered that Scouting was used by child molesters to gain access to and the trust of Scouts, including Scouts such as Plaintiff, but Defendants did nothing to change the program prior to Plaintiff's abuse. Defendants thus ensured that some risk of molestation remained inherent in the Scouting program itself, and endangered boys like Plaintiff.

25.

Defendants had a duty to disclose known threats to the health and safety of the minors involved with their organizations because Defendants exercised *in loco parentis* responsibilities over these boys on camping trips, particularly trips out-of-state, such as those taken by Plaintiff and Arnold in Oregon. In the first alternative to a duty arising from *in loco parentis* status, Defendants' invitation to Plaintiff to participate in Scouting upon payment of a fee required Defendants to disclose all matters vital to the entering into the transaction, and the relative incidence of child molestation by Scout Leaders was vital and material information relevant to Plaintiff entering into the transaction with Defendants. In a further alternative to a duty arising from *in loco parentis* status or the centrality of information of abusive Scout leaders, Defendants

Page 9    **SECOND AMENDED COMPLAINT**

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257

actively concealed the problem of child molestation by Scout leaders, and Plaintiff did not and could not obtain access to this information. Due to Plaintiff's inability to discover the truth and Defendants' full knowledge of it, Defendants were thus required to disclose the prevalence of molestation by Scout leaders.

26.

Defendant BSA's knowledge of the dangers and prevalence of child molesters in Scouting constituted a material fact because Plaintiffs would not have entered into a relationship with Defendants, the LDS Church's youth program, the Scouting program, Arnold, or other agents of Defendants had they been aware of such dangers. Despite their knowledge of the use of Scouting by child molesters, Defendants knowingly failed to change the Scouting program, and yet likewise concealed this material fact of failure to implement new protections.

27.

Defendants fraudulently misrepresented and failed to disclose, and/or actively concealed the dangers and prevalence of child molesters in Scouting. LDS Defendants instructed boys in the Nampa 2nd Ward quorums to obey Arnold by endowing—or "calling" as it is referred to in the LDS Church—him with the position of Scoutmaster and "Quorum Advisor" for each of the 3 quorums of boys 12 and over in the ward. LDS Defendants "called" Arnold as Scoutmaster and Quorum Advisor, therefore representing that Arnold—and any similarly "called" Scoutmaster—was trustworthy and to be obeyed. No warning was given at this time or any other that Defendants knew that a significant number of Scoutmasters in the LDS Church had abused Scouts, and therefore that they knew that not all Scoutmasters were trustworthy. Similarly, in the 1968 Boy Scout Handbook (the same version or one that was virtually identical to the Handbook used by Plaintiff), the Scoutmaster is referred to as "a wonderful man" who goes on hikes and goes camping with the Troop, and who "is the friend to whom you can always turn for advice." The Scout Handbook also instructs Scouts that the Scoutmaster "should be able at all

Page 10    **SECOND AMENDED COMPLAINT**

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257

times to count on each of 'his boys' to be his right-hand helpers[.]" While he was in Scouting between 1965 and 1971, Plaintiff read and digested the entirety of the Scout Handbook. No warning was given in the Handbook or elsewhere in BSA materials that Scoutmasters were not always safe and trustworthy, that they might make sexual demands or advances, or that significant numbers of Scoutmasters had abused boys in the past. This list of omissions is not exclusive. These failures to disclose the known danger of abuse by Scout leaders will hereinafter be referred to as the "Institutional Omissions."

28.

Defendants knew that the Institutional Omissions were false representations or made the Institutional Omissions with reckless disregard for the truth. Defendants made the Institutional Omissions with the intent of inducing Plaintiff (and other children similarly situated), Plaintiff's guardians (and other parents and guardians similarly situated), and the community at large to rely on the Institutional Omissions and thereby continue to trust Arnold and other Scoutmasters, and continue to participate in Scouting.

29.

Plaintiff and his parents relied on the Institutional Omissions in allowing Plaintiff to engage in a trust relationship with Arnold. The reliance of Plaintiff and his parents was justified because they did not know, nor could they have known, that Boy Scout Defendants had a known, decades-long history of child molesters using Scouting to obtain victims.

30.

Plaintiff and his parents justifiably and reasonably relied on the Institutional Omissions by Defendants, as well as Defendants' conduct in maintaining the same rules for the Scouting program over time, and reasonably believed that Scouting did not pose a known danger to Scouts. This reliance was justified because Plaintiff and his parents could not hope to conduct an investigation of Defendants' claims, given that the records that would disprove the

Page 11     **SECOND AMENDED COMPLAINT**

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257

Institutional omissions—Boy Scout Defendants' "Ineligible Volunteer" files—were not available to the public.

31.

As a direct consequence and result of Defendants' Institutional Omissions regarding the danger to Scouts posed by Scout leaders, Plaintiff suffered the abuse and damages as described in paragraphs 9, 10, 11, and 12, above.

32.

Plaintiff did not discover, and could not reasonably discover that the Defendants' Institutional Omissions were a causal factor in his abuse until 2010, when he learned that the Boy Scouts' IV files contained records on thousands of child abusers over the course of several decades, and he learned that LDS Defendants knew that there were numerous molesters involved in Scouting through the LDS Church.

**FOURTH CLAIM FOR RELIEF**
Against All Defendants
*Constructive Fraud*

33.

Plaintiff realleges and incorporates by reference paragraphs 1 through 32, above

34.

Defendants' Scouting program took Plaintiff away from his family on overnight stays. Plaintiff was in a fiduciary relationship or a relationship of confidence, at least during these camping trips, while he was in Scouting, because of Defendants' *in loco parentis* status over Plaintiff while camping, as discussed above.

35.

As a direct consequence and result of Defendants' constructive fraud regarding the danger to Scouts posed by Scout leaders, Plaintiff suffered the abuse and damages as described

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257

in paragraphs 9, 10, 11, and 12, above.

**WHEREFORE,** Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. Non-economic damages for Plaintiff in the amount of $5,000,000.00, the exact amount to be determined by the jury at the time of trial;

2. Economic damages for Plaintiff in the amount of $250,000.00, the exact amount to be determined by the jury at the time of trial;

3. For Plaintiff's costs and disbursements incurred; and

4. For any other relief this Court deems just and equitable.

DATED this 25th day of August, 2010.

                **O'DONNELL CLARK & CREW LLP**

                /s/ *Kristian Roggendorf*
                Kelly Clark, Oregon State Bar No. 831723
                Kristian Roggendorf, Oregon State Bar No. 013990
                Gilion Dumas, Idaho State Bar No. 8176
                    *Of Attorneys for Plaintiff*

Page 13    **SECOND AMENDED COMPLAINT**

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **SECOND AMENDED COMPLAINT**, upon:

Andrew M. Chasan
CHASAN & WALTON, LLC
1459 Tyrell Lane
Boise, ID 83706
   *Of Attorneys for Plaintiff*

Thomas Banducci
Wade Woodard
BANDUCCI WOODARD SCHWARTZMAN, PLLC
802 W. Bannock St., Suite 500
Boise, ID 83702
   *Of Attorneys for LDS Defendants*

Stephen Thomas
Paul McFarlane
MOFFATT, THOMAS, ET AL., CHARTERED
101 S. Capitol Blvd., 10th Floor
PO Box 829
Boise, ID 83701
   *Of Attorneys for Defendant Ore-Ida Council*

by ECF on August 25, 2010.

**O'DONNELL CLARK & CREW LLP**

/s/ *Kristian Roggendorf*
Kelly Clark, Oregon State Bar No. 831723
Kristian Roggendorf, Oregon State Bar No. 013990
Gilion Dumas, Idaho State Bar No. 8176
   *Of Attorneys for Plaintiff*

Page 14    **SECOND AMENDED COMPLAINT**

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II, Suite 302
1650 N.W. Naito Parkway
Portland, Oregon 97209
Telephone: (503) 306-0224 FAX: (503) 306-0257